IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, | ) ) ) |
| Plaintiff, | ) CASE NO.: 1:23cv1257 ) |
| vs. | ) ) JUDGE: JAMES S. GWIN ) |
| NAILAH K. BYRD, *etc*. | ) ) |
| Defendants. | ) ) ) ) |

## ANSWER OF DEFENDANT NAILAH K. BYRD

Now comes Defendant Nailah K. Byrd, in her official capacity as Cuyahoga County Clerk of Courts and submits the following Answer to Plaintiff's Complaint.

## ANSWER

1. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 1 of the Complaint, so therefore denies them.

2. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 2 of the Complaint, so therefore denies them.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

1

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that a copy of a document purporting to be the "First Amended Temporary Administrative Order" dated October 4, 2013 is attached to the Complaint, which speaks for itself. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff sent Defendant certain correspondence date March 31, 2023, but denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff purports to bring a civil action, but denies the allegations in Paragraph 12 of the Complaint.

## "Jurisdiction and Venue"

13. Defendant admits she is subject to personal jurisdiction in the State of Ohio, but denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that venue is proper in this Judicial District and Division.

## "The Parties"

15. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 15 of the Complaint, so therefore denies them.

16. Defendant admits that she is the duly appointed Clerk of Courts for Cuyahoga County and has certain responsibilities for the administration of Court records, but denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 17 of the Complaint, so therefore denies them.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

### "Factual Allegations"

20. Defendant admits that Plaintiff sent Defendant certain correspondence date March 31, 2023, but denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 22 of the Complaint, so therefore denies them.

23. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 23 of the Complaint, so therefore denies them.

24. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 24 of the Complaint, so therefore denies them.

25. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 25 of the Complaint, so therefore denies them.

26. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 26 of the Complaint, so therefore denies them.

27. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 27 of the Complaint, so therefore denies them.

28. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 28 of the Complaint, so therefore denies them.

29. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 29 of the Complaint, so therefore denies them.

30. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 30 of the Complaint, so therefore denies them.

31. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 31 of the Complaint, so therefore denies them.

32. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 32 of the Complaint, so therefore denies them.

33. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 33 of the Complaint, so therefore denies them.

34. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 34 of the Complaint, so therefore denies them.

35. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 35 of the Complaint, so therefore denies them.

36. Defendant admits that in 2013 it implemented an electronic filing system for court filings including complaints, but is without sufficient knowledge or belief as to the remaining allegations in Paragraph 36 of the Complaint, so therefore denies them.

37. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 37 of the Complaint, so therefore denies them.

38. Defendant admits that in 2013 it implemented an electronic filing system for court filings including complaints, but is without sufficient knowledge or belief as to the remaining allegations in Paragraph 38 of the Complaint, so therefore denies them.

39. Defendant admits that it uses redaction software but is without sufficient knowledge or belief as to the remaining allegations in Paragraph 39 of the Complaint, so therefore denies them.

40. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 40 of the Complaint, so therefore denies them.

41. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant states that the E-Filing Order speaks for itself, but is without sufficient knowledge or belief as to the remaining allegations in Paragraph 43 of the Complaint, so therefore denies them.

44. Defendant states that the E-Filing Order speaks for itself, but is without sufficient knowledge or belief as to the remaining allegations in Paragraph 44 of the Complaint, so therefore denies them.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

51. Defendant denies the allegations in Paragraph 48 of the Complaint.

52. Defendant admits that the software vendor for its e-filing system is ProWare and that a filer must enter case and other required information in order to submit a complaint for filing. The remainder of Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

59. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant admits that the Rules of Superintendence for the Courts of Ohio place the responsibility for redacting personal identifiers on the party filing a case document and states that the Rules of Superintendence speak for themselves.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

68. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 68 of the Complaint, so therefore denies them.

69. Defendant admits that the U.S. District Court for the Southern District of Ohio issued an order concerning the operations of the Franklin County clerk's office, but denies the remaining allegations in Paragraph 69 of the Complaint.

70. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 70 of the Complaint, so therefore denies them.

71. Defendant is without sufficient knowledge or belief as to the allegations in Paragraph 71 of the Complaint, so therefore denies them.

72. Defendant denies the allegations contained in Paragraph 72 of the Compliant.

73. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**"Count One"**

74. Defendant repeats and incorporates herein all previously pleaded averments.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies all allegations contained in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing, fails to assert justiciable claims, or has not suffered injuries or damages sufficient to support one or more of its Constitutional claims.

3. Plaintiff's Complaint must be dismissed for failure to join a necessary party pursuant to Fed.R.Civ.P. 19.

4. Defendant is entitled to all immunities available under federal and state law, including, but not limited to, absolute and qualified immunity.

5. This Court lacks subject matter jurisdiction over this action.

6. Defendant is entitled to immunity under the Eleventh Amendment to the United States Constitution.

7. At all times, Defendant acted reasonably and in good faith.

8. Even if Plaintiff prevails in this action (and it should not), Plaintiff is not entitled to recover attorneys' fees that are unwarranted or excessive.

9. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and/or unclean hands.

10. Defendants has complied with the requirements of the United States and Ohio Constitutions.

11. Plaintiff's claim is moot.

12. Plaintiff's claims are barred due to the independent acts/decisions of others over whom the Defendant has no control.

13. Plaintiff's claims are barred by the doctrine of *res judicta,* claim preclusion or issue preclusion.

14. Principles of federalism require this Court to abstain from adjudicating Plaintiff's claim.

15. Defendant reserves the right to add additional affirmative defenses as this litigation develops.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Defendant Cuyahoga County Clerk of Courts Nailah K. Byrd pray that Plaintiff's Complaint be dismissed with prejudice, that the Court grant enter judgment in Defendants' favor, grant Defendants costs and attorneys' fees and for whatever additional legal and equitable relief that the Court may find just and equitable under the circumstances.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: /s/ *Michael J. Stewart*
    Kelli K. Perk (0068411)
    (216) 443-6927
    kperk@prosecutor.cuyahogacounty.us
    Michael J. Stewart (0082257)
    (216) 443-6673
    mjstewart@prosecutor.cuyahogacounty.us
    CUYAHOGA COUNTY PROSECUTOR'S OFFICE
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor
    Cleveland, OH  44113

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2023 a copy of the *Answer* was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Stewart*
MICHAEL J. STEWART (0082257)
Assistant Prosecuting Attorney