## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between the following parties:

1.     Courthouse News Service, a California Corporation, ("Plaintiff"); and

2.     Defendant Cuyahoga County and its Clerk of Courts, public or elected officials, principals, agents, employees, employers, administrators, predecessors, contractors, representatives, counsel, servants, successors, assigns, insurers, affiliated entities, subsidiaries, and insurers (hereinafter "County Defendants").

## WITNESSETH

**WHEREAS**, Plaintiff filed a Complaint in the United States District Court for the Northern District of Ohio (the "Lawsuit") captioned in case number 1:23cv1257 naming "Nailah K. Byrd as a defendant, in her Official Capacity as Clerk of the Cuyahoga County Common Court of Common Pleas." The Lawsuit seeks injunctive relief concerning the availability of newly filed civil complaints on the website of the Cuyahoga County Clerk of Courts.

**WHEREAS**, County Defendants deny and dispute liability for all the claims or injuries, losses, and damages in the suit; and

**WHEREAS,** Plaintiff and County Defendants (collectively referred to as the "Parties") are mindful of the cost and uncertainties engendered by further litigation and wish to settle and compromise all disputes, differences, claims, and legal controversies between them as set forth herein, including any and all future claims or other claims for injury, loss, or damages as may be filed arising out of or by reason of or in any manner connected with the Lawsuit; and

NOW, THEREFORE, in consideration of the covenants and agreements herein contained and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  The County Defendants have modified their previous practice and procedures such that newly filed and non-confidential civil complaints filed with the Cuyahoga County Clerk of Courts ("the Clerk") are posted on the Clerk's website immediately upon their receipt and prior to review or redaction by staff in the Clerk's Office.  Newly filed and non-confidential civil complaints shall remain posted in an unredacted form until midnight on calendar day following submission.

2.  Plaintiff agrees that the Clerk's procedures outlined in Paragraph One are sufficient to resolve the claims set forth in Plaintiff's Complaint.

3.  The County Defendants agree to make newly e-filed, non-confidential civil complaints available to the public for viewing immediately upon their submission to the Clerk.  A temporary unavailability of non-confidential civil complaints resulting from technical difficulties shall not be deemed a breach of this Settlement Agreement, provided the County Defendants promptly address and correct those technical difficulties. The County Defendants reserve the right to implement different processes or systems than those described in Paragraph One, provided such processes or systems permit equal or similar access to newly-filed non-confidential civil complaints.

4.  Within forty-five (45) days from the latter to occur of the following events, namely: (1) the full execution of this Agreement, and (2) the receipt of all

necessary tax forms from Plaintiff, County Defendants agree to make a payment of Thirteen Thousand Dollars ($13,000.00) (the "Settlement Amount") to the persons or entities hereafter named. Upon delivery of the Settlement Amount, neither County Defendants nor any other person or entity released under this Agreement shall have any further obligation to see to the proper application or distribution of such funds. The Settlement Amount shall be paid by warrant or check made payable to Faruki PLL. Plaintiff expressly consents to the payment of the settlement amount to Faruki PLL.

5.      Upon receipt by Faruki PLL of the warrant or check identified in Paragraph Four herein, Plaintiff shall promptly file with the United States District Court, Northern District of Ohio a Notice of Dismissal with Prejudice of the within action, including all claims against the Cuyahoga County, Nailah K. Byrd, in her Official Capacity as Clerk of the Cuyahoga County Common Court of Common Pleas, and any other former or current employees of Cuyahoga County, either in their individual and official capacities, with the court retaining jurisdiction solely to enforce the settlement. Each party shall be responsible to bear responsibility for his/her/its own costs, expenses, attorneys' fees, and any other litigation expenses.

6.      For and in consideration of the foregoing promises, Plaintiff, on behalf of itself and any affiliates that are those subject to shared or common operational or managerial control, either directly or indirectly through one or more intermediaries, through common ownership, common management, identical business or economic interests or contractual relationships ("Releasor") forever releases and discharges

County Defendants – including Cuyahoga County, Nailah K. Byrd, as well as any other former or current employees of Cuyahoga County all in their individual and official capacities – of and from any and all claims, damages, causes of action or suits at law or in equity of whatsoever kind or nature, including all claims for costs and attorney fees as well as all claims for pre-settlement and post-settlement interest, arising out of any act or occurrence up to and including the date hereof, and particularly on account of damages arising from Plaintiff's allegations set forth in the Lawsuit, including any and all facts and claims that were or could have been set forth in the Lawsuit. Moreover, this Settlement Agreement is expressly intended to include and does include any and all claims that Releasor may now or may hereafter have against County Defendants including, without limitation, claims for damages, injunctive or declaratory relief for: negligence; civil rights violations; violation of any state or federal laws; violations of any constitutional rights recognized under the Constitution of the State of Ohio or of the United States; prejudgment interest, and/or post-judgment interest; punitive damages; rights recognized under laws and statutes of any other jurisdiction, or by virtue of any amendments thereto, or by virtue of any interpretation that may be placed upon such statutes by the courts of Ohio or courts in other jurisdictions; and any and all other claims, damages, or expenses, whether known or unknown.

7.    Releasor agrees never to bring suit, commence, or threaten litigation, file an action, or assert any claim, grievance, or cause of action, in any court of law (state or federal), or before any administrative agency, or regulatory body (state,

federal or local), arising out of, incidental to, or in any manner connected with the subject matter described in this agreement or the operation or policies of the Cuyahoga County Clerk of Courts in place as of the date of this Settlement Agreement.

8.     Releasor further represents that, in determining the amount of the foregoing consideration paid by the County, there has been taken into account not only the ascertained damages sustained, but also the possibility that any damages sustained may be uncertain and indefinite, and may include consequences not now anticipated and that this Agreement is intended to compromise and terminate all claims, including those raised in in the Lawsuit, as well as those that could have been raised in the lawsuit, including all future developments thereof.

9.     It is expressly understood and agreed that County Defendants admit no liability of any sort by reason of this settlement or the payment of the foregoing consideration, and that said payment is made solely to terminate the Lawsuit, buy peace, and end any further controversy with respect to the matters described hereinabove.

10.    This Settlement Agreement shall not be used as evidence in any subsequent legal proceedings between or involving the Parties except to enforce its terms or a subsequent proceeding in which the provisions of this Settlement Agreement are a defense to a claim or suit brought against the Parties. Other than this restriction, the Parties acknowledge that the Settlement Agreement is a Public Record as that term is defined in the Ohio Revised Code.

Page **5** of **9**

11.     The Parties hereby declare that each of them has read this Agreement, that they have had a full opportunity to consult legal counsel concerning its terms and the settlement described herein, that each fully understands the terms of same, that they enter into this Agreement relying solely upon their own judgment and the advice of their own legal counsel, and that each executes this Agreement as their own voluntary act. County Defendants and all persons or entities released under this Agreement expressly deny any liability.

12.     The consideration stated hereinabove is the full consideration for this Agreement and Releasor voluntarily accepts said sum for the purpose of making a full and final compromise. In the event that one or more of the provisions of this Agreement is deemed to be illegal or unenforceable, the remainder of this Agreement shall not be affected thereby, and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13.     Without in any way affecting the generality of the foregoing, Releasor expressly warrants, represents, covenants, and agrees to waive the provisions of any statute, regulation, common law, or equitable principle that would in any way operate to preclude this Agreement from being a full, final, and complete release as to County Defendants, or any other person or entity released under this Agreement, with respect to the matters described above.

14.     Releasor expressly warrants, represents, covenants, and agrees that neither it has not assigned any of the matters encompassed in this Agreement in

Page **6** of **9**

whole or in part to any person or entity and that Releasor has full and absolute control over the disposition and release of the matters encompassed in this Agreement.

15.     This Agreement shall be construed and interpreted in accordance with the laws of the State of Ohio. This Agreement may be executed in counterparts, and it is the intent of the parties that the copy signed by any party will be fully enforceable against said party. Photocopies, .pdf format, or facsimiles are treated the same as original wet-ink signatures.

16.     Releasor expressly warrants, represents, covenants, and agrees that this Agreement shall be interpreted and construed as if jointly prepared by Releasor and County Defendants and that this Agreement shall be construed most liberally and broadly to fully release, acquit, and discharge forever County Defendants and the persons released under this Agreement.

17.     Releasor expressly warrants, represents, covenants, and agrees that this Agreement constitutes a separate, binding contract by and among Releasor and County Defendants and that Releasor's sole and exclusive remedy as to County Defendants shall be for the performance of this Agreement. This Agreement represents the entire Agreement between the Parties with respect to the subject matter described herein and supersedes any prior understanding, whether written or oral. If any of this Agreement's terms are invalid or unenforceable, the remaining terms and provisions of the Agreement shall be valid and enforceable.

18.     The parties agree to jointly request that the United States District Court for the Northern District of Ohio retain exclusive and continuing jurisdiction to

interpret and enforce this Settlement Agreement. All claims concerning the interpretation and performance of this Settlement Agreement shall be litigated in the United States District Court for the Northern District of Ohio. In the event that, despite the parties' request, the United States District Court for the Northern District of Ohio declines to exercise jurisdiction over the interpretation and enforcement of this Settlement Agreement, such claims shall be litigated exclusively in the Court of Common Pleas for Cuyahoga County, Ohio.

**COURTHOUSE NEWS SERVICE:**

By: William "Bill" Girdner,       Date
its

**CUYAHOGA COUNTY:**

Christopher Ronayne,       Date 10/31/23
Cuyahoga County Executive, or designee pursuant
to Executive Order No. EO2023-0003, dated July 6,
2023

**APPROVED AS TO FORM BY:**

David Lambert,       Date 10/30/23
Civil Chief, Cuyahoga County Prosecutor's Office

IN ACKNOWLEDGMENT AND APPROVED AS TO FORM AND CONTENT OF
THE ENTIRE AGREEMENT:

Faruki PLL

By: _____
John C. Greiner, Esq.
*Attorney for Plaintiff*